UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY L. FENTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO HOME MORTGAGE ET AL.,<br><br>　　　　　Defendants. | Case No. 17-cv-0113 DMS (WVG)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS AND (2) GRANTING IN PART AND DENYING IN PART REQUEST FOR JUDICIAL NOTICE** |

Pending before the Court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") motion to dismiss Plaintiff Nancy L. Fenton's complaint and request for judicial notice. Defendant Northwest Trustee Services, Inc. ("Northwest") joins in Wells Fargo's motion to dismiss. Plaintiff filed a response, and Defendant Wells Fargo filed a reply. For the following reasons, Defendant's motion to dismiss is granted and the request for judicial notice is granted in part and denied in part.

**I.**

**BACKGROUND**

This action concerns the foreclosure proceedings on Plaintiff's real property located at 4175 Porte De Merano #163, San Diego, California 92122 ("subject

property"). (ECF No. 1, Ex. A ("Complaint") ¶ 5.) Plaintiff allegedly obtained a loan from Golden West Savings Association Service Co. ("Golden West Savings") to purchase the subject property.[1] (*Id.* ¶ 6.) Plaintiff claims she paid off the loan on July 21, 2004.[2] (*Id.*)

Thereafter, on September 22, 2006, Plaintiff obtained a loan from World Savings Bank, FSB ("World Savings") in the amount of $308,500. Wells Fargo is the legal successor to World Savings.[3] (ECF No. 1, Ex. C.) This loan was secured by a deed of trust recorded against the subject property.[4] (*Id.*) The deed of trust lists Golden West Savings as trustee.[5] (*Id.*)

In August 2016, Wells Fargo executed and recorded a notice of default against Plaintiff. (ECF No., Ex. B.) Wells Fargo claims the notice of default indicated that Plaintiff was $16,251.75 in default on her loan. (Mem. of P. & A. in Supp. of Mot. at 3.) Subsequently, the subject property was scheduled for foreclosure on December 20, 2016. (Compl. ¶ 10.)

---

[1] Plaintiff does not identify the amount of the loan or the date she obtained the loan.
[2] Plaintiff alleges she obtained a home-equity loan with Washington Mutual on August 17, 2005. (Compl. ¶ 7.) She used a portion of the loan to make a down payment on a senior citizen's unit located at 6350 Genesee Avenue #113, San Diego, CA 92122. (*Id.*) This loan is irrelevant to the foreclosure proceedings, as Plaintiff claims she paid off the loan with Washington Mutual on October 21, 2015. (*Id.* at ¶ 9.)
[3] On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB. (ECF No. 1, Ex. E.) Subsequently, on November 1, 2009, Wachovia Mortgage, FSB merged with Wells Fargo. (*Id.*, Ex. F.)
[4] In the opposition to the motion to dismiss, Plaintiff contends for the first time that she never obtained a loan from World Savings and the deed of trust is a forgery. (Declaration of Nancy L. Fenton ("Fenton Decl.") ¶ 4.) Because the focus of a motion to dismiss under Rule 12(b)(6) is the complaint, the Court declines to consider Plaintiff's declaration in deciding this motion. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding, court may not take into account additional facts asserted in memorandum opposing motion to dismiss).
[5] On August 18, 2016, World Savings substituted Northwest Trustee Services, Inc. as trustee. (*Id.*, Ex. J.)

On December 6, 2016, Plaintiff filed a complaint in the San Diego County Superior Court, alleging the following claims: (1) quiet title, (2) declaratory relief, and (3) injunctive relief. (Compl. ¶¶ 11–21.) Subsequently, Plaintiff filed an emergency ex parte application to cancel foreclosure, which the Superior Court granted on December 8, 2016. ((ECF No., Ex. B.) On January 20, 2017, Defendants removed the action to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The present motion followed.

## II.
## DISCUSSION

### A. Request for Judicial Notice

Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Therefore, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Intri–Plex Technologies, Inc. v. Crest Group Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting *Lee*, 250 F.3d at 689).

Defendant requests the Court take judicial notice of the following ten documents: (1) deed of trust recorded on July 12, 2004 ("Exhibit A"), (2) deed of trust recorded on October 6, 2006 ("Exhibit B"), (3) full reconveyance recorded on October 19, 2006 ("Exhibit C"), (4) certificate of corporate existence issued by

Office of Thrift Supervision, Department of the Treasury ("OTS") ("Exhibit D"), (5) a letter from OTS reflecting name change from World Savings Bank, FSB to Wachovia Mortgage, FSB ("Exhibit E"), (6) charter of Wachovia Mortgage ("Exhibit F"), (7) official certification of the Comptroller of the Currency, reflecting Wachovia Mortgage's merger into Wells Fargo ("Exhibit G"), (8) printout from website of the Federal Deposit Insurance Corporation ("FDIC"), showing the history of Wachovia Mortgage ("Exhibit H"), (9) portions of Plaintiff's bankruptcy petition filed on February 5, 2014 ("Exhibit I"), and (10) notice of default and election to sell under deed of trust recorded on August 22, 2016 ("Exhibit J"). Plaintiff challenges the authenticity of Exhibits A and B, contending the deeds of trust are forgeries. As to the remaining exhibits, Plaintiff does not question their authenticity. Plaintiff, however, objects insofar as Defendant seeks to have the Court take judicial notice of the truth of the statements contained in the documents.

Initially, the Court finds it is unnecessary to take judicial notice of Exhibits B, E, and G, because these documents are already before the Court as exhibits to the Notice of Removal.[6] *See*, *e.g.*, *Beal v. Royal Oak Bar*, No. C 13-04911 LB, 2014 WL 1678015, at *2 n.2 (N.D. Cal. Apr. 28, 2014) (denying request for judicial notice "[b]ecause these documents are already filed in the docket for this action, it is unnecessary for the court to take judicial notice of them."); *Johnson v. Haight Ashbury Med. Clinics, Inc.*, No. C–11–02052–YGR, 2012 WL 629312, at *1 (N.D. Cal. Feb. 27, 2012) (denying request for judicial notice "because it is unnecessary to take judicial notice of documents in the record in this action"). Accordingly, Defendant's request for judicial notice as to Exhibits B, E, and G is denied.

Moreover, the Court declines to take judicial notice of Exhibit A, because there is sufficient dispute as to the authenticity of the deed of trust. Plaintiff challenges the authenticity of the deed of trust, arguing it is a forgery. In support,

---

[6] *See* Exhibits C, E, and F to Notice of Removal.

Plaintiff has submitted a declaration, attesting that "Exhibit A purports to be a Deed of Trust executed by me in 2004, securing a note from World Savings. The signature on the document is a forgery; I deny taking out any loan from World Savings in 2004." (Fenton Decl. ¶ 4.) Accordingly, Defendant's request for judicial notice as to Exhibit A is denied. *See*, *e.g., Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (finding the district court erred in taking judicial notice of a deed of sale when plaintiff claimed it was a forgery); *Deen v. City of Redding*, No. CIV. S-13-1569 KJM C, 2014 WL 1513353, at *3 (E.D. Cal. Apr. 11, 2014) (denying request for judicial notice because "the accuracy of the proof of service might be subject to reasonable dispute").

Exhibits C, D, F and H are government records and public documents that are not subject to reasonable dispute and are proper subjects of judicial notice. *See*, *e.g.*, *Bondarenko v. Wells Fargo Bank*, N.A., No. CV 15-403 DMG (JEMX), 2016 WL 6267927, at *3 (C.D. Cal. Aug. 10, 2016) (granting judicial notice of certificate of corporate existence, notice of amendment of charter and bylaws, charter of Wachovia mortgage, and merger and conversion of Wachovia to Wells Fargo); *Ismail v. Wells Fargo Bank*, N.A., No. 2:12-CV-01653-MCE, 2013 WL 930611, at *3 (E.D. Cal. Mar. 8, 2013) (similar); *Beltran v. AccuBank Mortg. Corp.*, No. 1:12-CV-0287 AWI BAM, 2013 WL 2434703, at *1 (E.D. Cal. June 4, 2013) (granting judicial notice of full reconveyance and notice of default); *Shapiro v. Bank of Am., N.A.*, No. 2:11-CV-00576-JAM, 2011 WL 4851145, at *2 (E.D. Cal. Oct. 12, 2011) (same). Accordingly, Defendant's request for judicial notice as to Exhibits C, D, F, and H is granted.

Judicial notice of court records and other publicly filed records is also routinely granted as to the existence of the documents, but not always as to the truth of matters stated therein. Although a court "may take judicial notice of the existence of unrelated court documents ... it [should] not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Lit.*,

745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010); *see Wallis v. Centennial Ins. Co.*, 927 F. Supp. 2d 909, 913–14 (E.D. Cal. 2013) ("'[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not.'") (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004); *Lee*, 250 F.3d at 690 (court may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion). Accordingly, the Court grants Defendant's request for judicial notice as to the existence of Exhibits I (bankruptcy petition) and J (notice of default and election to sell under deed of trust), but not as to the truth of the matters stated therein.

### B. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Arizona State Bd. of Dental Examiners*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### i. Quiet Title

A quiet title action may be brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020. In order to state a claim for quiet title, the complaint must allege "(1) the subject property's description, including both its legal description and its street address or common designation; (2) plaintiff's alleged title to the property; (3) the adverse claims against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title against the adverse claims." *Metcalf v. Drexel Lending Grp.*, No. 08-CV-00731 W POR, 2008 WL 4748134, at *5 (S.D. Cal. Oct. 29, 2008) (citing Cal. Civ. Proc. § 761.020). In addition, a plaintiff must allege in the complaint that he or she is the rightful owner of the property, "i.e. that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *see Rockridge Trust v. Wells Fargo*, N.A., 985 F. Supp. 2d 1110, 1158 (N.D. Cal. 2013) ("In most circumstances, a requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust.'") (citation omitted). Therefore, "a borrower may not assert quiet title against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d. 952, 975 (N.D. Cal. 2010) (internal citations omitted); *see Boza v. U.S. Bank NA (Two Cases)*, 606 F. App'x 357, 358 (9th Cir. 2015) ("Because the FAC fails to allege that [Plaintiffs] paid or offered to pay their mortgage debt, [Plaintiffs'] claim to quiet title fails as a matter of law."); *Watson v. Bank of Am., N.A.*, No. 16CV513-GPC(MDD), 2016 WL 3552061, at *19 (S.D. Cal. June 30, 2016) ("'It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'") (quoting *Shimpones v. Stickney*, 219

Cal. 637, 649 (Cal. 1934)).

Defendant argues Plaintiff has failed to state a claim for quiet title because the complaint does not state facts supporting relief.[7] Indeed, Plaintiff does not allege all elements required to state a claim for quiet title. Although Plaintiff alleges she paid off her loan with Golden West Savings, which is irrelevant to the present action, she does not allege she has paid or offered to pay her loan with Wells Fargo. The record shows Plaintiff obtained a loan on September 22, 2006, in the amount of $308,500 from World Savings Bank, which is now Wells Fargo. This loan was secured by a deed of trust recorded against the subject property. The complaint does not allege Plaintiff is the rightful owner of the subject property or that she has tendered or has the ability to tender any outstanding debt on the subject property. Therefore, Plaintiff's allegations are insufficient to state a claim for quiet title. Accordingly, the Court grants Defendant's motion to dismiss the quiet title claim.

### ii. Declaratory Relief

Federal courts sitting in diversity apply the substantive law of the forum state. *See Clark v. Allstate Insurance Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000) ("It is well-established that federal courts sitting in diversity must apply state substantive law and federal procedural rules."). Therefore, federal courts have applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity. *See*, *e.g.*, *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM AJWX, 2015 WL 3914741, at *13 (C.D. Cal. June 25, 2015) (applying § 1060 to a declaratory relief claim); *De Vico v. U.S. Bank*, No. CV1208440MMMFFMX, 2013 WL 12129387, at *18 (C.D. Cal. Feb. 1, 2013) (same); *Acceptance Ins. Co. v. Am. Safety Risk Retention Grp., Inc.*, No.

---

[7] Defendant also contends the allegations of the complaint are contradicted by judicially noticeable documents as to all three claims for relief. However, as discussed, Defendant's request for judicial notice is denied as to the truth of the contents stated in the bankruptcy petition and other pertinent documents. Therefore, the Court finds this argument to be without merit and declines to further address it.

08CV1057-L(WMC), 2010 WL 744291, at *4 (S.D. Cal. Mar. 3, 2010) (same). "To assert a cause of action for declaratory relief, Code of Civil Procedure section 1060 requires that there be an 'actual controversy relating to the legal rights and duties of the respective parties,' not an abstract or academic dispute." *Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 237 Cal. App. 4th 23, 29 (Cal. Ct. App. 2015) (citing *Connerly v. Schwarzenegger*, 146 Cal. App. 4th 739, 746–47( Cal. Ct. App. 2007)). A "claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability." *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-1908 DOC (ANx), 2012 WL 294936, at *4 (C.D. Cal. Feb. 1, 2012); *see Hernandez* v. Select Portfolio, Inc., No. CV 15-01896 MMM AJWX, 2015 WL 3914741, at *14 (C.D. Cal. June 25, 2015) (granting motion to dismiss declaratory relief claim "[b]ecause [Plaintiff] has failed to state any substantive claims"); *Javaheri v. JPMorgan Chase Bank*, N.A., No. 2:10-CV-08185-ODW, 2012 WL 6140962, at *8 (C.D. Cal. Dec. 11, 2012) ("Declaratory and injunctive relief do not lie where all other claims have been dismissed.")

Here, Plaintiff seeks a declaration that "the title to the subject property is vested in Plaintiff, Nancy L. Fenton's name alone and that the Defendant, Wells Fargo herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said Defendant Wells Fargo, and each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property[.]" (Compl. ¶ 16.) Plaintiff, however, has failed to state any substantive claims. Because the Court grants Defendant's motion to dismiss on the quiet title cause of action, the declaratory relief claim, which is based on the same factual and legal theories, must also be dismissed. Accordingly, the Court grants Defendant's motion to dismiss the declaratory relief claim.

iii. **Injunctive Relief**

"Injunctive relief is a remedy, not a cause of action." *Guessous v. Chrome Hearts, LLC*, 179 Cal.App.4th 1177, 1187 (Cal. Ct. App. 2009) (quoting *City of S.*

*Pasadena v. Dep't of Transp.*, 29 Cal. App. 4th 1280, 1293 (Cal. Ct. App. 1994)). It is "a remedy that derives from the underlying claims, not an independent claim." *Bridgeman v. United States*, No. 2:10-CV-01457 JAM, 2011 WL 221639, at *17 (E.D. Cal. Jan. 21, 2011) (citations omitted). Therefore, "a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (Cal. Ct. App. 1942).

As indicated above, because Plaintiff's quiet title claim is insufficiently pleaded, Plaintiff has failed to state any viable causes of action. Therefore, Plaintiff's injunctive relief claim must also be dismissed. Accordingly, the Court grants Defendant's motion to dismiss the injunctive relief claim.

### iv. Leave to Amend

Defendant argues the complaint should be dismissed with prejudice because Plaintiff has "presented no facts that undermine the validity of the 2006 deed of trust." (Mem. of P. & A. in Supp. of Mot. at 5.) Defendant contends Plaintiff "validated the debt and 2006 deed of trust herself in the bankruptcy schedules she filed on February 5, 2014, declaring under penalty of perjury that the 2006 deed of trust held by Wells Fargo was valid." (*Id.*) This is not a proper argument at this stage of the proceedings. The validity of the 2006 deed of trust, including whether it was fraudulently obtained, are matters that may be addressed in a Rule 56 motion following discovery. Accordingly, the Court grants Defendant's motion to dismiss with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("leave shall be freely given when justice so requires[,]" and "[t]his policy is to be applied with extreme liberality.") (citations and internal quotations omitted).

## III.
## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Defendant's request for judicial notice is granted in part and denied in part. Plaintiff

1 | is granted leave to file a First Amended Complaint ("FAC") that cures the pleading
2 | deficiencies identified in this Order. The FAC shall be filed on or before April 26,
3 | 2017.

**IT IS SO ORDERED.**

Dated: April 12, 2017

Hon. Dana M. Sabraw
United States District Judge