1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

NANCY L. FENTON,

Case No. 17-cv-0113 DMS (WVG)

11

Plaintiff,

**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND (2) DENYING REQUEST FOR JUDICIAL NOTICE**

12

v.

13
14

WELLS FARGO HOME MORTGAGE ET AL.,

15

Defendants.

16
17
18

    Pending before the Court is Defendant Wells Fargo Home Mortgage's

19

("Wells Fargo") motion to dismiss Plaintiff Nancy L. Fenton's First Amended

20

Complaint ("FAC") and a request for judicial notice. Plaintiff filed an opposition,

21

and Defendant filed a reply. For the following reasons, Defendant's motion to

22

dismiss is granted in part and denied in part, and the request for judicial notice is

23

denied.

24

**I.**

25

**BACKGROUND**

26

    This action concerns the foreclosure proceedings on Plaintiff's real property

27

located at 4175 Porte De Merano #163, San Diego, California 92122 ("subject

28

property"). (FAC ¶ 1.)

On October 6, 2006, a deed of trust was recorded against the subject property. According to the deed of trust, Plaintiff obtained a loan from World Savings Bank, FSB ("World Savings") in the amount of $308,500 on September 22, 2006. (Notice of Removal ("NOR"), Ex. C.) Defendant is the legal successor to World Savings.[1] Plaintiff, however, alleges she has never obtained a mortgage from Defendant or any of its predecessors. (FAC ¶ 2.) Plaintiff alleges the signatures on the loan documents and the deed of trust are forgeries. (*Id.* ¶¶ 7, 19.)

In August 2016, Defendant executed and recorded a notice of default against Plaintiff. (NOR, Ex. B.) Defendant claims the notice of default indicated that Plaintiff was $16,251.75 in default on her loan. (Mem. of P. & A. in Supp. of Mot. at 8.) Subsequently, the subject property was scheduled for foreclosure on December 20, 2016. (NOR, Ex. A.)

On December 6, 2016, Plaintiff filed a complaint in the San Diego County Superior Court, alleging the following claims: (1) quiet title, (2) declaratory relief, and (3) injunctive relief. (Compl. ¶¶ 11–21.) Subsequently, Plaintiff filed an emergency ex parte application to cancel foreclosure, which the Superior Court granted on December 8, 2016. (NOR, Ex. B.) On January 20, 2017, Defendants removed the action to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On January 27, 2017, Defendant filed a motion to dismiss Plaintiff's Complaint, which the Court granted with leave to amend. Thereafter, Plaintiff filed a FAC, alleging the quiet title claim, and four new claims, consisting of the following: (1) a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, (2) cancellation of instruments, Cal. Civ. Code § 3412, (3) elder financial abuse, Cal. Welf. & Inst. Code § 15610.30, and

---

[1] On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB. (NOR, Ex. E.) Subsequently, on November 1, 2009, Wachovia Mortgage, FSB merged with Wells Fargo. (*Id.*, Ex. F.)

1    (4) a violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

2    17200 *et seq*.  On June 15, 2017, Defendant filed the present motion.

3                                        **II.**

4                                  **DISCUSSION**

5           A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests

6    the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6);

7    *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to

8    dismiss, all material factual allegations of the complaint are accepted as true, as well

9    as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co*.,

10   80 F.3d 336, 338 (9th Cir. 1996).  However, a court need not accept all conclusory

11   allegations as true.  Rather, it must "examine whether conclusory allegations follow

12   from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978

13   F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. St. Bd. of

14   Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept

15   conclusory legal assertions).  A motion to dismiss should be granted if a plaintiff's

16   complaint fails to contain "enough facts to state a claim to relief that is plausible on

17   its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

18   plausibility when the plaintiff pleads factual content that allows the court to draw

19   the reasonable inference that the defendant is liable for the misconduct alleged."

20   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

21   **A.    Quiet Title**

22          Defendant moves to dismiss Plaintiff's quiet title claim, contending it is

23   barred by the statute of limitations.[2]  "It long has been the law that whether a statute

24   _____

25   [2] Defendant also seeks to dismiss all of Plaintiff's claims, arguing Plaintiff has failed
     to state a claim for relief because the FAC contains improbable factual allegations.
26   Defendant, however, fails to address the plausibility of Plaintiff's allegations within
     the context of her specific claims.  Moreover, this appears to be a factual dispute that
27   cannot be resolved on a motion to dismiss. The Court therefore declines to address
28   this argument.

of limitations bars an action to quiet title may turn on whether the plaintiff is in undisturbed possession of the land." *Mayer v. L&B Real Est.*, 43 Cal. 4th 1231, 1237 (Cal. 2008).  In determining whether possession of land has been "disturbed," courts have considered: "(1) when were plaintiffs no longer owners in exclusive and undisputed possession of the land; (2) when was defendants' adverse claim ... pressed against plaintiffs; or (3) when was defendants' hostile claim asserted in some manner to jeopardize the superior title held by plaintiffs." *Salazar v. Thomas*, 236 Cal. App. 4th 467, 478 (Cal. Ct. App. 2015) (internal quotation marks and citations omitted).

Plaintiff contends the statute of limitations has not commenced because she has been in continuous possession of the subject property.  Defendant responds Plaintiff's possession of the property has not been "exclusive and undisputed" because "Wells Fargo has insisted on the validity of the Deed of Trust, and indeed attempted to collect on the loan since at least 2012." (Mem. of P. & A. in Supp. of Mot. at 5.)  Defendant, however, has not foreclosed on the subject property nor did it initiate an unlawful detainer action against Plaintiff.  Defendant has only filed a notice of default, which is insufficient to disturb Plaintiff's possession of her property.  *See Tannhauser v. Adams*, 31 Cal. 2d 169, 175 (Cal. 1947) ("mere notice of an adverse claim is not enough to commence the owner's statute of limitations."); *Salazar*, 236 Cal. App. 4th at 481 (notices of default under an allegedly void deed of trust did not start limitations period for plaintiffs' quiet title claim challenging the validity of the deed of trust).  Because Defendant's cloud on Plaintiff's title did not disturb her possession of the subject property, the statute of limitations has yet to run. *See Salazar*, 236 Cal. App. 4th at 481.  Accordingly, Plaintiff's quiet title claim is not time-barred, and Defendant's motion is therefore denied.

/ / /

/ / /

/ / /

**B.     RFDCPA[3]**

Defendant seeks dismissal of Plaintiff's RFDCPA claim on grounds that it is time-barred, it is not a "debt collector" within the meaning of the statute, and the residential mortgage loan at issue does not constitute a "debt" under the statute. The RFDCPA was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1. The statute of limitations for claims under the RFDCPA is "within one year from the date of the occurrence of the violation." *Id*. at § 1788.30(f). Defendant initially contends this claim is time-barred because Plaintiff first became aware of its attempt to collect debt on the loan at issue in 2012, but did not file this action until December 6, 2016.[4] The statute of limitations, however, does not commence from the initiation of the collection activity, but rather the last alleged violation. *See Aho v. AmeriCredit Fin. Servs., Inc.*, No. 10CV1373 DMS BLM, 2012 WL 273763, at *2 (S.D. Cal. Jan. 31, 2012) ("the issue is whether Defendant *engaged in* any conduct that violates the Rosenthal Act within that one year."). According to the FAC, Defendant started harassing Plaintiff about her debt beginning in 2012, and

---

[3] In the second through fifth causes of action, Plaintiff asserts new claims brought before the Court for the first time in the FAC. Defendant argues these new claims should be dismissed because they exceed the scope of amendment permitted by this Court in its previous order issued on April 12, 2017, and Plaintiff did not otherwise seek leave of the Court to amend the pleadings to add new claims as required by Federal Rule of Civil Procedure 15(a). Indeed, the prior order expressly granted Plaintiff leave to amend to cure the pleading deficiencies identified in the order, not to add new claims. Nevertheless, the Court finds that the interest of judicial economy weigh against dismissing the infringing portions of the FAC. *See Manzano v. Metlife Bank N.A.*, No. CIV. 2:11–651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011) ("the court may choose not to strike the pleading in the interests of judicial economy" even "when a pleading is improperly filed.").

[4] Defendant erroneously states Plaintiff did not file this action until March 2017. The Court's docket, however, shows Plaintiff initiated this action in the San Diego County Superior Court on December 6, 2017, and subsequently Defendants removed the action to this Court on January 20, 2017.

1    the calls continued till early 2016. Therefore, the statute did not run until this time,

2    which is less than a year before the filing of Plaintiff's initial Complaint in December

3    2016. Because Plaintiff's claim is not time-barred, Defendant's motion to dismiss

4    this claim is therefore denied on this basis.

5         Next, Defendant contends it cannot be held liable for this claim because it is

6    a mortgage servicer, which does not qualify as a "debt collector" under the

7    RFDCPA. In support, Defendant relies solely on case law defining "debt collector"

8    under the Fair Debt Collection Practices Act ("FDCPA"). However, the definition

9    of "debt collector" under the RFDCPA is broader than it is under the FDCPA, "as

10   the latter excludes creditors collecting on their own debts." *Reyes v. Wells Fargo*

11   *Bank, N.A.*, No. 10–01667, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (citing

12   *Herrera v. LCS Fin. Servs. Corp.*, No. 09–02843, 2009 WL 5062192, at *2 (N.D.

13   Cal. Dec. 22, 2009)). The RFDCPA defines a debt collector as "any person who, in

14   the ordinary course of business, regularly, on behalf of himself or herself or others,

15   engages in debt collection." Cal. Civ. Code § 1788.2(c). Therefore, "a mortgage

16   servicer may be a 'debt collector' under the Rosenthal Act even if it is the original

17   lender, whereas such an entity would be excluded from the definition of debt

18   collector under the federal act." *Reyes*, 2011 WL 30759, at *19; *see Carmichael v.*

19   *JP Morgan Chase Bank, N.A.*, No. 10CV1351 JAH-DHB, 2014 WL 12618192, at

20   *4 (S.D. Cal. Sept. 3, 2014). Here, Defendant, as a mortgage lender and servicer,

21   falls within the broader definition of a "debt collector" under the RFDCPA.

22   Defendant's motion to dismiss the RFDCPA claim on this basis is therefore denied.

23        Defendant further contends Plaintiff's RFDCPA claim fails because the

24   RFDCPA does not apply to residential mortgage loans. The RFDCPA defines

25   "consumer debt" as "money, property or their equivalent, due or owing or alleged to

26   be due or owing from a natural person from such other person primarily for personal,

27   family, or household purposes." Cal. Civ. Code § 1788.2(f). Contrary to

28   Defendant's contention, "'[n]othing in the statutory definition excludes a consumer

debt from the Rosenthal Act merely because it is secured by real or personal property.'" *Marquette v. Bank of Am., N.A*, No. 13CV2719-WQH-JMA, 2015 WL 461852, at *17 (S.D. Cal. Feb. 4, 2015) (quoting *In re Ganas*, 513 B.R. 394, 404 (E.D. Cal. 2014)); *Tirabassi v. Chase Home Fin., LLC*, No. CV 14-08790 BRO SSX, 2015 WL 1402016, at *10 (C.D. Cal. Mar. 24, 2015) ("residential mortgage loans are not categorically excluded from the Rosenthal Act."); *Moriarity v. Nationstar Mortg., LLC*, No. 1:13-CV-00855-AWI, 2013 WL 3354448, at *6 (E.D. Cal. July 3, 2013) ("there is no reason to believe that mortgage debts are exempted from the RFDCPA.").

The cases cited by Defendant conclude that a residential mortgage is not a "consumer debt" under the RFDCPA have based their reasoning on decisions holding that foreclosure sales do not constitute "debt collections" within the meaning of the RFDCPA. *See Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009); *Pittman v. Barclays Capital Real Est., Inc*., No. 09 CV 02241 JMAJB, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009). However, "there is a difference between a foreclosure sale and a lender's pre-foreclosure communications regarding a residential loan that has come into default." *Tirabassi*, 2015 WL 1402016, at *9. Here, Plaintiff's claim under the RFDCPA does not allege any misconduct in connection with the foreclosure process. Rather, Plaintiff relies on allegations concerning Defendant's collection efforts. Therefore, to the extent Defendant seeks dismissal of this claim on the basis that Plaintiff's loan is not a "consumer debt" within the meaning of the statute, Defendant's motion is denied.

## C.   Cancellation of Instruments

Defendant moves to dismiss Plaintiff's cancellation of instruments claim, arguing it is barred by the statute of limitations. "'Ordinarily a suit to set aside and cancel a void instrument is governed by section 343 of the Code of Civil Procedure.'" *Robertson v. Super. Ct.*, 90 Cal. App. 4th 1319, 1326 (Cal. Ct. App. 2001) (quoting *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (Cal. Ct. App.

1945)).  The only exception to this rule is when the cause of action involves "fraud or mistake ..., in which case the three-year period of section 338(4) would apply." *Id.*  Here, Plaintiff seeks to cancel the deed of trust as void pursuant to Cal. Civ. Code § 3412, contending it is a forgery.  Because the theory of relief underlying Plaintiff's cancellation of instrument claim is fraud, the three-year statute of limitations set forth in § 338(d) applies.

A cause of action based on fraud begins to accrue "upon the discovery, by the aggrieved party, of the facts constituting fraud or mistake."  Cal. Civ. Proc. Code § 338(d).  In the context of fraud, California courts interpret "discovery" to occur when the plaintiff is on inquiry notice of the facts constituting fraud, meaning that the cause of action accrues when the plaintiff "suspected or should have suspected" that representations were false.  *Platt Elec. Supply, Inc. v. EOFFElec., Inc*., 522 F.3d 1049, 1057–58 (9th Cir. 2008); *see Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007) ("A plaintiff is on inquiry notice of its fraud claims when he 'learns, or at least is put on notice, that a representation [is] false.'") (quoting *Brandon G. v. Gray*, 3 Cal. Rptr. 3d 330, 334 (Cal. Ct. App. 2003)).

Here, the cancellation of instruments claim is based on alleged fraud pertaining to the loan origination, which occurred on September 22, 2006.  The loan was secured by a deed of trust, which was recorded on October 6, 2006.  Plaintiff contends she did not discover the existence of the alleged fraudulent loan until 2012, when she received statements from Defendant regarding an outstanding loan.  Although Plaintiff was on notice of the loan at issue, she did not file suit against Defendant until December 6, 2016.  Because Plaintiff brought this claim more than three years after the discovery of the allegedly fraudulent loan, Plaintiff's cancellation of instruments claim is untimely.  Accordingly, this claim is dismissed with prejudice.

**D.     Elder Financial Abuse**

Defendant seeks dismissal of Plaintiff's elder financial abuse claim,

1    contending it is barred by the statute of limitations and it is insufficiently pleaded.
2    The statute of limitations for a claim for elder financial abuse is within "four years
3    after the plaintiff discovers or ... should have discovered the facts constituting the
4    financial abuse." Cal. Welf. & Inst. Code § 15657.7. Here, Plaintiff discovered the
5    facts constituting the alleged financial abuse in 2012, and commenced an action
6    against Defendant in December 2016. Based on the allegations in the FAC, the
7    Court is unable to determine whether the present action was filed within the four-
8    year statute of limitations. Because this is an issue more appropriately resolved after
9    discovery and on a motion for summary judgment, the Court denies the present
10   motion to the extent it argues Plaintiff's claim is time-barred.

11          The California Legislature enacted the Elder Abuse Act in order to "protect
12   elders by providing enhanced remedies which encourage private, civil enforcement
13   of laws against elder abuse and neglect." *Negrete v. Fid. & Guar. Life Ins. C*o., 444
14   F. Supp. 2d 998, 1001 (C.D. Cal. 2006). Section 15610.30 of the Elder Abuse Act
15   provides that financial abuse of an elder occurs when a person or entity "[t]akes,
16   secretes, appropriates or retains real or personal property of an elder" or assists in
17   doing so "for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst.
18   Code § 15610.30(a)(1) & (2). "A person or entity shall be deemed to have taken,
19   secreted, appropriated, or retained property for a wrongful use if, among other
20   things, the person or entity takes, secretes, appropriates or retains possession of
21   property in bad faith." *Id*. at § 15610.30(b). Here, Plaintiff alleges she never
22   obtained a loan from Defendant, but "Defendant Wells Fargo has taken funds from
23   Plaintiff and refuses to return them." (FAC ¶ 47.) Plaintiff's allegations fall short
24   of pleading enough facts to show Defendant, with intent to defraud, appropriated
25   Plaintiff's payments on the alleged loan. Moreover, the FAC does not sufficiently
26   plead that Defendant appropriated such payments for a wrongful use. Therefore,
27   Defendant's motion to dismiss this claim is granted with leave to amend.
28   / / /

**E.    UCL**

Defendant moves to dismiss Plaintiff's UCL claim, contending it is insufficiently plead.[5]   The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives captures a separate and distinct theory of liability."  *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quotation marks omitted).  The FAC alleges claims under each prong.

The unlawful prong of the UCL incorporates "violations of other laws and treats them as unlawful practices."  *Cel-Tech Comms., Inc. v. L.A. Cellular Tel. Co*., 20 Cal. 4th 163, 180 (Cal. Ct. App. 1999).  This prong creates an "independent action when a business practice violates some other law."  *Walker v. Countrywide Home Loans, Inc*., 98 Cal. App. 4th 1158, 1169 (Cal. Ct. App. 2002).  A UCL claim "stands or falls depending on the fate of antecedent substantive causes of action."  *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (Cal. Ct. App. 2001).  Plaintiff's UCL claim under the unlawful prong is premised on her RFDCPA and elder financial abuse claims.  Because Plaintiff's RFDCPA claim survives, Plaintiff's UCL claim under the unlawful prong also survives.

A claim under the fraudulent prong of the UCL is governed by the "reasonable consumer" standard, which requires the plaintiff to "show that members of the public are likely to be deceived."  *Williams v. Gerber Prods. Co*., 552 F.3d 934, 938 (9th Cir. 2008) (citation and internal quotation marks omitted).  Allegations of fraud under § 17200 must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires that "a party must state with particularity the circumstances

---

[5] Defendant also seeks dismissal of the UCL claim on grounds it is barred by the statute of limitations.  Like the statute of limitations for elder financial abuse, the UCL's statute of limitations is four years.  *See* Cal. Bus. & Prof. Code § 17208.  Therefore, for the same reasons as explained above, Defendant's motion is denied on this ground.

constituting fraud."   Fed. R. Civ. P. 9(b).   "'Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.'" *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).   Plaintiff alleges "Defendant's conduct is … fraudulent in that Defendant is attempting to create and enforce an obligation to which Plaintiff did not agree or benefit[.]"   (FAC ¶ 50.)   The FAC, however, fails to satisfy the heightened pleading requirements of Rule 9(b).   Plaintiff does not allege what fraudulent conduct Defendant engaged in, and when, where, and how Defendant engaged in such conduct.   Accordingly, Plaintiff's UCL claim under the fraudulent prong is dismissed with leave to amend.

Under the unfairness prong of the UCL, "'a practice may be deemed unfair even if not specifically proscribed by some other law.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (Cal. 2003) (quoting *Cel-Tech*, 20 Cal. 4th at 180).   The California Supreme Court has yet to establish a test for determining unfairness in consumer cases.   Therefore, "a split of authority developed among the Courts of Appeal, which have applied three different tests for unfairness in consumer cases." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256 (Cal. Ct. App. 2010).   First, the "tethering test" requires that the "'public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions.'"   *Id.* at 257 (quoting *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1260–61 (Cal. Ct. App. 2006)).   Second, the "balancing test" asks "whether the alleged business practice 'is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'"   *Id.* (quoting *Bardin*, 136 Cal. App. 4th at 1260).   Lastly, the third test, which incorporates the definition of "unfair" from Federal Trade Commission Act, requires that "'(1) the consumer injury must be substantial; (2) the injury must not

be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided.'" *Id.* (quoting *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 597–98 (Cal. Ct. App. 2009)).

Plaintiff's FAC contains allegations relating to the balancing test. It alleges "Defendant's conduct is … unfair in that any justification or benefit from Defendant's outrageous conduct is outweighed by the gravity of the consequences to Plaintiff and the people of the State of California, including but not limited to the harm to the homes of victims of Defendants' deceptive practices." (FAC ¶ 50.) Such conclusory statement is insufficient to state a claim for the UCL under the unfairness prong. Plaintiff does not identify Defendant's "outrageous conduct" and "deceptive practices" that are "unscrupulous or substantially injurious to consumers." *Drum*, 182 Cal. App. 4th at 257. Accordingly, Plaintiff's UCL claim under the unfairness prong is dismissed with leave to amend.

## III.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part. Defendant's request for judicial notice is denied because the documents contained therein were not necessary to the resolution of the present motion. Plaintiff is granted leave to file a Second Amended Complaint ("SAC") that cures the pleading deficiencies identified in this Order. Plaintiff may not add new claims or parties without seeking leave of this Court pursuant to Federal Rule of Civil Procedure 15. The SAC shall be filed on or before September 12, 2017.

**IT IS SO ORDERED.**

Dated: August 28, 2017

Hon. Dana M. Sabraw
United States District Judge